IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JORGE ANGEL HERRERA FONSECA, :
:
    Petitioner :
:
v. : CIVIL NO. 3:CV-16-16
:
CRAIG LOWE, ET AL., : (Judge Conaboy)
:
    Respondents :

## **MEMORANDUM**
### **Background**

    Jorge Angel Herrera Fonseca filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondents are various federal officials and Warden Craig Lowe of the Pike County Prison. Service of the petition was previously ordered.

    Petitioner, a native and citizen of Mexico, states that he was arrested in 2013 for illegal reentry and sentenced to a six month term of imprisonment. Petitioner states that he has been in ICE custody since July 15, 2013. On August 28, 2013 a 2009 removal ordered entered against the Petitioner was reinstated. Fonseca thereafter filed applications seeking withholding of removal.

    His pending Petition alleged that because there is no

1

likelihood that he will be deported in the foreseeable future, his continued indefinite mandatory detention by the ICE pending completion of proceedings regarding his request for protection from removal was unconstitutional pursuant to the standards announced in Zadvydas v. Davis, 533 U.S. 678 (2001).

## Discussion

On February 28, 2017, Respondents filed a "Suggestion of Mootness." Doc. 24, p. 1. The notice states that Department of Homeland Security notified counsel for Respondents that Petitioner was removed from the United States on February 22, 2017. Accordingly, Respondents contend that since the relief sought by his pending action can no longer be granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel

2

v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Fonseca sought his immediate release from ICE detention under an order of supervision or an individualized bond hearing before an immigration judge. See Doc. 1, p. 18. The Court will accept the DHS' representation that Petitioner was removed from the United States on February 22, 2017. Since Petitioner is no longer being detained by ICE, under the principles set forth in Steffel, Fonseca's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: MARCH 7th, 2017

FILED
SCRANTON

MAR 0 7 2017

Per_____
DEPUTY CLERK